COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT
CIVIL ACTION NO.:

CLEARVIEW CONTRACTING LLC,

Plaintiff,

v.

STANLEY BUTLER and THEODORE
KEANE.,

Defendants.

COMPLAINT AND DEMAND FOR JURY TRIAL

BACKGROUND

1. This case arises out of a contract for work performed at 6 Roanoke Avenue Jamaica Plain Massachusetts due to extensive water damage done to the property on January 25,2017 and removal of personal items from the premises.

2. On April 24,2018 Stephen Kieras on behalf of Clearview Contracting LLC ("Plaintiff") met with Stanley Butler and Theodore Keane ("Defendants") owners of 6 Roanoke Avenue Jamaica Plain Massachusetts (hereinafter referred to as the "Premises") to inspect the damage to the property. Despite the fact the property damage insurance policy mandated completion of all repairs to the satisfaction of the insurer within two years of the date of loss no repairs/renovations had been done since the date of loss except for minimal water removal by ServPro and removal of some but not all personal items from the premises.

3. Following this meeting Stephen Kieras on behalf of Clearview Contracting LLC visited the premises multiple times ultimately drafting a contract which was signed by both Stanley Butler and Theodore Keane on or about May 16,2018. Commencement of the project was hindered by the Defendants due their procrastination in removing personal items from the premises although only eight months remained to complete the project and restore the premises.

4. On or about July 10-11, 2018 the Defendants were to meet with Stephen Kieras and tender an initial payment of fifty thousand ($50,000.00) dollars. The Defendant's did not tender these funds but instead gave Stephen Kieras a check postdated to August 1, 2018. Furthermore,the Defendants had still not removed their personal items from the premises.

5. Knowing the time constraints under which the project would need to be completed the Plaintiff in good faith started work on the job without any actual funds in hand. At this point five months and three weeks remained of the twenty-four-month deadline imposed by the insurer.

6. Due to the slow response by the insurance company in reimbursing funds and the Defendants lack of adequate funding to cover these delays in payment to keep the project moving and avoid missing the twenty-four-month deadline the Plaintiff contributed $125,000.00 of its own funds to the project. In addition to this unsolicited generosity the Plaintiff loaned the Defendants money to complete the necessary electrical code upgrades and completed many code upgrades with no up-front payments from the Defendants.

7. Despite the Defendant's lack of cooperation and unwillingness to secure the funds necessary to keep the project moving forward the Plaintiff finished the job before the January 25,2019 deadline.

8. Following completion of the restorations/renovations the Plaintiff continued to assist the Defendants in securing payment from the insurance company by:

   a.   writing four (4) reports detailing the code upgrades.
   b.   multiple site visits with the Defendants insurance company adjusters and telephone conferences to determine which code upgrades the insurer would pay which ultimately included all the upgrades.
   c.   unloading all the Defendants storage containers so the insurance company could inspect the Defendants losses.

9. This additional effort by the Plaintiff resulted in a gain to the defendants exceeding $123,000.00.

10. Following completion of the job the Defendants were paid by the insurer which would never had occurred without the persistence and unyielding hard work of the Plaintiff.

11. On December 30,2019, the Plaintiff submitted its final bill to the Defendants totaling seventy-seven thousand four hundred forty-seven dollars and eighty-six cents ($77,447.86). Despite repeated demands the Defendants have not paid the amount owed.

2

## THE PARTIES

12. Clearview Contracting LLC ("Plaintiff") is a domestic for-profit corporation with a principal place of business in Petersham, Worcester County, Commonwealth of Massachusetts.

13. Defendant Stanley Butler is an individual residing in Farmington, Franklin County, Maine.

14. Defendant Theodore Keane is an individual residing in Farmington, Franklin County, Maine.

## COUNT I: BREACH OF CONTRACT-STANLEY BUTLER

15. Plaintiff incorporates by reference all prior paragraphs as if specifically set forth herein.

16. Defendant Stanley Butler entered a binding contract with the Plaintiff.

17. Plaintiff performed its obligations under the contract.

18. Defendant Stanley Butler breached the contract by failing to tender full payment for the services provided.

WHEREFORE, Plaintiff Clearview Contracting LLC demands judgment from Defendant Stanley Butler, for breach of contract, together with interest and costs.

## COUNT II: BREACH OF CONTRACT-THEODORE KEENE

19. Plaintiff incorporates by reference all prior paragraphs as if specifically set forth herein.

20. Defendant Theodore Keene entered a binding contract with the Plaintiff.

21. Plaintiff performed its obligations under the contract.

22. Defendant Theodore Keene breached the contract by failing to tender full payment for the services provided.

WHEREFORE, Plaintiff Clearview Contracting LLC demands judgment from Defendant Theodore Keene, for breach of contract, together with interest and costs.

## COUNT III: UNJUST ENRICHMENT-STANLEY BUTLER

23. Plaintiff incorporates by reference all prior paragraphs as if specifically set forth herein.

24. Plaintiff tendered an invoice for $77,447.86 on December 30,2019 to Defendant Stanley Butler for work performed at 6 Roanoke Avenue Jamaica Plain, Massachusetts. The invoice has not been paid.

25. Plaintiff through the efforts of its agent's, servants or employees recovered over $123,000.00 in payments from the insurer for the benefit of the Defendant Stanley Butler at no cost to him.

26. Defendant Stanley Butler accepted these funds gained through no effort on his part but only with the time and effort of the Plaintiff. Acceptance or retention in these circumstances is inequitable.

27. As a result of Plaintiff conferring such benefit upon Defendant Stanley Butler, he has been unjustly enriched.

WHEREFORE, Plaintiff Clearview Contracting LLC demands judgment from Defendant Stanley Butler because of his unjust enrichment, together with interest and costs.

## COUNT IV: UNJUST ENRICHMENT-THEODORE KEENE

28. Plaintiff incorporates by reference all prior paragraphs as if specifically set forth herein.

29. Plaintiff tendered an invoice for $77,447.86 on December 30,2019 to Defendant Theodore Keene for work performed at 6 Roanoke Avenue Jamaica Plain, Massachusetts. The invoice has not been paid.

30. Plaintiff through the efforts of its agents' servants or employees recovered over $123,000.00 in payments from the insurer for the benefit of the Defendant Theodore Keene at no cost to him.

31. Defendant Theodore Keene accepted these funds gained through no effort on his part but only with the time and effort of the Plaintiff. Acceptance or retention in these circumstances is inequitable.

32. As a result of Plaintiff conferring such benefit upon Defendant Theodore Keene, he has been unjustly enriched.

WHEREFORE, Plaintiff Clearview Contracting LLC demands judgment from Defendant Theodore Keene because of his unjust enrichment, together with interest and costs.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE PURSUANT TO MASS. R. CIV. P. 38

Plaintiff,
Clearview Contracting LLC
By its attorney,

David Rodibaugh, Esquire
Ananian & Rodibaugh, PC
465 Waverley Oaks Rd., Suite 416
Waltham, MA  02452
Tel: (781)736-0007
david@ar-lawoffices.com
BBO No.: 547860

Date: May 5, 2021