UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEARVIEW CONTRACTING LLC )<br>       Plaintiff and Counterclaim )<br>       Defendant, and )<br>       )<br>STEPHEN KIERAS )<br>       Counterclaim Defendant )<br>v. )<br>       )<br>STANLEY BUTLER & THEODORE )<br>KEANE )<br>       Defendants and )<br>       Counterclaim Plaintiffs )<br>       ) | Civ. A. No. 4:21-cv-40069 |

## ANSWER TO COUNTERCLAIM

The counterclaim defendants Clearview Contracting LLC and Steven Kieras submit the following answer to defendants and counterclaim plaintiffs Stanley Butler and Theodore Keane's counterclaim.

A. <u>The Water Damage.</u>

1. Admitted, except to the extent Paragraph 1 alleges the plaintiffs Stan Butler and Ted Keane lived at 6 Roanoke Ave., Jamaica Plain at the relevant times.

2. Counterclaim defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in this paragraph.

3. Admitted except to the extent Paragraph 3 alleges in January 2017, they told the BWSC they were returning home and asked it to restart the service, which caused a second floor pipe to break. Counterclaim defendants lack knowledge or information sufficient to form a belief about the truth of the allegation concerning what was said to the BWSC or what caused the second floor pipe to break.

4. Admitted.

B. The Clearview Contract.

5. Admitted.

6. Admitted except to the extent Paragraph 6 alleges Kieras owns Clearview Contracting and that Paragraph 6 implies Butler and Keane only signed the written agreement when in fact Butler and Keane also signed the change orders.

7. Admitted except to the extent Paragraph 7 alleges an additional $52,555.65 in electrical code upgrades were submitted to Butler and Keane by Clearview Contracting, LLC. The $52,555.65 was given to Butler and Keane by an electrician before Clearview Contracting, LLC became involved in the 6 Roanoke Avenue Jamaica Plain project. The electrical code upgrades submitted to Butler and Keane by Clearview Contracting, LLC totaled $98,496.00.

8. Admitted except to the extent Paragraph 8 characterizes the change orders signed by Butler and Keane as "informal".

9. Admitted to the extent this is an accurate recitation of the statute.

10. Admitted insofar as Paragraph 10 states the law forbids a contractor from demanding final payment until the contract is completed to the satisfaction of the parties. Denied as to the remaining allegations.

11. Admitted.

C. Kieras's Poor Performance.

12. Admitted except to the extent Paragraph 12 alleges much of his work was shoddy and of unacceptable quality.

13. Denied as to all subsections (a)-(k). Admitted as to subsection (l)

14. Denied.

15. Denied.

Count One

Breach of Contract (Against Clearview Contracting and Kieras)

16. The defendants in counterclaim incorporate by reference the answers to paragraphs 1-15.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

Count Two

Negligence (Against Clearview Contracting and Kieras)

21. The defendants in counterclaim incorporate by reference the answers to paragraphs 1-20.

22. Denied.

23. Denied.

24. Denied.

Count Three

Violation of Chapter 93A (Against Clearview Contracting and Kieras)

25. The defendants in counterclaim incorporate by reference the answers to paragraphs 1-24.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

DEFENSES

1. Counterclaim defendants assert counterclaim plaintiffs failed to comply with the terms of the contract having breached the implied warranty of good faith and fair dealing by acting unreasonably, thereby denying the benefits of the contract to the counterclaim defendants.

2. Counterclaim defendants assert all duties owed under the contract other than duties which were prevented or excused were performed. Consequently, the contract was not breached.

3. Counterclaim defendants do not admit noncompliance with the contract but assert herein the Home Improvement Contractor Statute (M.G.L. 142A§2(a) does not invalidate contracts solely because of noncompliance.

4. Counts 2 & 3 fail to state a claim on which relief may be granted.

5. Counterclaim defendants assert counterclaim plaintiffs were contributorily negligent.

For these reasons, counterclaim defendants demand that judgement enter in their favor on the counterclaim plaintiff's claim together with costs.

Respectfully submitted,<br>
CLEARVIEW CONTRACTING LLC and<br>
STEPHEN KIERAS<br>
By their attorney,<br>
<br>
David C. Rodibaugh [BBO# 547860]<br>
Ananian & Rodibaugh, P.C.<br>
POB 619<br>
1770 Massachusetts Avenue<br>
Cambridge, MA 02140<br>
Tel. (617) 240-8031<br>
david@ar-lawoffices.com

Dated: December 2, 2021

4